105 F.3d 821
 79 A.F.T.R.2d 97-1064, 97-1 USTC P 50,244
 In re Ruby P. BARDEN, Debtor.
Marc A. PERGAMENT, Chapter 7 Trustee of the Estate of Ruby
P. Barden, Appellant,
v.
UNITED STATES of America and Commissioner of New York State
Department of Taxation and Finance, Appellees.
 No. 745, Docket 96-5060.
 United States Court of Appeals,
Second Circuit.
 Argued Jan. 7, 1997.
Decided Jan. 29, 1997.
 
 Appeal from judgment of the United States District Court for the Eastern District of New York, Spatt, J., affirming decision of the Eastern District Bankruptcy Court that refused to allow Chapter 7 Trustee to use one-time tax exclusion on gain from sale of debtor's principal residence.
 Marc A. Pergament, Garden City, NY (Weinberg, Kaley, Gross & Pergament, L.L.P, Seth M. Choset, Nathan G. Mancuso (Legal Intern)), for Trustee-Appellant.
 Curtis C. Pett, Washington, DC, Tax Division, Department of Justice (Bruce R. Ellisen, Zachary W. Carter, United States Attorney, Loretta C. Argrett, Assistant Attorney General, of counsel), for Appellee United States.
 David S. Cook, New York City, Senior Attorney, Attorney General's Office of the State of New York (Dennis C. Vacco, Attorney General of the State of New York, Barbara Billett, Solicitor General, Thomas D. Hughes, Assistant Solicitor General, of counsel), for Appellee Commissioner of the New York State Department of Taxation and Finance.
 Before: NEWMAN, Chief Judge, FEINBERG and McLAUGHLIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Marc A. Pergament, Chapter 7 Trustee of the Estate of Ruby P. Barden, appeals from a judgment entered in April 1996 in the United States District Court for the Eastern District of New York, Arthur D. Spatt, J. That judgment affirmed a decision of the bankruptcy court, which denied the Trustee's application to use the one-time capital gains tax exclusion on the sale of a residence, pursuant to 26 U.S.C. § 121, for the benefit of the bankruptcy estate. Judge Spatt also ruled that the Trustee had to use the debtor's basis in the real property, rather than a "stepped-up" basis, to determine the capital gains tax owed by the estate. The trustee argues that the district court erred on both of these issues.
 
 
 2
 We affirm the judgment of the district court for the reasons given by Judge Spatt in his opinion, reported at 205 B.R. 451.